■ HARVEY CAMERON et al., Appellants, v NISSAN 112 SALES CORP., Respondent, et al., Defendant. [781 NYS2d 661]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered September 4, 2003, as, upon granting in part their motion to modify a prior order of the same court dated January 6, 2003, granted the cross motion of the defendant Nissan 112 Sales Corp. to dismiss the complaint insofar as asserted against it on the ground of spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied without prejudice to the defendant moving for the imposition of a lesser sanction at trial, upon a showing of genuine prejudice, and the complaint is reinstated insofar as asserted against the defendant Nissan 112 Sales Corp.

In November 1997 the plaintiff Margaret Cameron purchased a used 1995 Dodge minivan from the defendant Nissan 112 Sales Corp. (hereinafter Nissan). On December 20, 1998, the minivan was involved in a one-car accident in which the plaintiff Harvey Cameron, Margaret's husband, was severely injured. The plaintiffs' original attorney took photographs of the wrecked vehicle. Subsequently, on January 19, 1999, Margaret Cameron signed the vehicle over to her insurer, AIG. The day before, AIG transferred the vehicle to an automobile salvage company, which crushed it on April 16, 1999. This action was commenced on April 19, 2000.

The Supreme Court erred in granting Nissan's cross motion

to dismiss the complaint insofar as asserted against it based upon spoliation of evidence. Nissan's moving papers, together with exhibits, were insufficient to show that "the loss of the [minivan] will fatally compromise the defense or leave [Nissan] without the means to defend the action" at trial (*Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 333 [2004]; *see Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621 [2001]). Notably, Nissan's papers failed to include any expert proof, or any proof beyond its counsel's bare assertions, demonstrating that it would be unable to prove its case absent an actual inspection of the now-destroyed minivan. Additionally, there is no evidence that the plaintiffs deliberately destroyed the vehicle. Under these factual circumstances, the Supreme Court erred in granting Nissan's cross motion (*see Ifraimov v Phoenix Indus. Gas, supra; Mylonas v Town of Brookhaven,* 305 AD2d 561 [2003]; *Klein v Ford Motor Co.*, 303 AD2d 376 [2003]; *Chiu Ping Chung v Caravan Coach Co., supra; cf. Thornhill v A.B. Volvo,* 304 AD2d 651, 652 [2003]; *DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]). Furthermore, at this juncture it is not clear what sanction, if any, is warranted (*see Klein v Ford Motor Co., supra* at 378).

In light of this determination, we need not reach the plaintiffs' remaining contentions. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.