ELI LICHTENSTEIN et al., Respondents, v FANTASTIC MERCHANDISE CORP. et al., Appellants, et al., Defendant. (And a Third-Party Action.) [850 NYS2d 462]—

In an action, inter alia, to recover damages for personal injuries, etc., based on strict products liability, the defendant Fantastic Merchandise Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated May 24, 2005, as granted that branch of its cross motion which was pursuant to CPLR 3126 to dismiss the amended complaint insofar as asserted against it on ground of spoliation of evidence only to the extent of precluding the plaintiffs from submitting any evidence at trial with regard to the bottle allegedly involved in the infant plaintiff's injuries, and denied that branch of its motion which was for summary judgment dismissing the third, fourth, and fifth causes of action in the amended complaint insofar as asserted against it, and the defendant Tatuday Well Done, Ltd., separately appeals from stated portions of the same order which, inter alia, denied that branch of its motion which was pursuant to CPLR 2308 and 3124 to direct the nonparty Shlomo Lichtenstein to appear for a further deposition and granted that branch of its separate mo-

tion which was pursuant to CPLR 3124 and 3126 to strike the amended complaint insofar as asserted against it on the ground of spoliation of evidence only to the extent of precluding the plaintiffs from submitting any evidence at trial with regard to the bottle allegedly involved in the infant plaintiff's injuries.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendant Tatuday Well Done, Ltd., and the cross motion of the defendant Fantastic Merchandise Corp., which were to dismiss the amended complaint insofar as asserted against them on the ground of spoliation of evidence only to the extent of precluding the plaintiffs from submitting any evidence at trial with regard to the bottle allegedly involved in the infant plaintiff's injuries, and substituting therefor provisions granting those branches of the motion and cross motion to the extent of dismissing so much of the first, second, third, fourth, and fifth causes of action in the amended complaint insofar as asserted against the appellants as are based on allegations of defective design and manufacturing defect in the subject bottle and its contents; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the appellants.

The infant plaintiff sustained burns to his legs requiring skin grafts, allegedly as a result of contact with an oven cleaning product manufactured by Well Done-Eilat, Ltd., sued herein as Tatuday Well Done, Ltd. (hereinafter Well Done), distributed by Fantastic Industries, Inc., sued herein as Fantastic Merchandise Corp. (hereinafter Fantastic), and sold at a retail establishment owned and operated by Wesley Kosher, Inc.

The Supreme Court correctly found that when the infant plaintiff's father, a nonparty to the action, gave the actual bottle of oven cleaner involved in the accident (hereinafter the subject bottle) to a third party who later inadvertently misplaced it, he did so for the express purpose of entrusting it to a lawyer in anticipation of litigation with respect to the infant plaintiff's injuries. In doing so, the father acted as an agent for the plaintiff mother. Therefore, the mother can be charged with notice that the subject bottle was needed for future litigation.

The Supreme Court improvidently exercised its discretion in limiting its relief and directing, as a sanction for the plaintiffs' loss of the subject bottle, that the plaintiffs only be precluded from introducing the subject bottle at trial should ultimately they ultimately recover it.

Well Done and Fantastic made the requisite showing that they were severely prejudiced by the loss of the subject bottle and by their lack of an opportunity to inspect it (cf. *Kirschen v*

*Marino,* 16 AD3d 555, 556-557 [2005]). As the plaintiffs correctly contend, a design defect may be established even in the absence of the specific instrumentality that caused a plaintiff's injuries by, inter alia, introducing into evidence other products of the same design (*see Lawson v Aspen Ford, Inc.,* 15 AD3d 628, 629 [2005]; *Klein v Ford Motor Co.,* 303 AD2d 376, 378 [2003]; *Dayal v Coinmach Indus. Co.,* 284 AD2d 206, 207 [2001]). Here, however, the subject bottle was one of several bottles Well Done purchased from various bottle manufacturers, and each batch of the contents of the bottles of oven cleaner contained different concentrations of hydroxide. These circumstances make the loss of the subject bottle and its contents severely prejudicial to the defense, not only with respect to the manufacturing defect cause of action but to the design defect claim as well (*cf. Kirschen v Marino,* 16 AD3d 555, 556 [2005]; *Lawson v Aspen Ford Inc.,* 15 AD3d at 629). In addition, by the Supreme Court's decision only to preclude the plaintiffs from introducing the subject bottle at trial should they recover it, Well Done and Fantastic have been prevented from establishing that damage to the subject bottle after it was shipped, if any, rather than a defective manufacturing or design of the subject bottle, was the proximate cause of the infant plaintiff's injuries (*see Squitieri v City of New York,* 248 AD2d 201, 203-204 [1998]). Accordingly, the sanction of dismissal of so much of the first, second, third, fourth, and fifth causes of action in the amended complaint as allege defective design and manufacturing defects in the subject bottle or its contents, insofar as asserted against Well Done and Fantastic, is warranted.

The Supreme Court properly determined that Well Done failed to demonstrate the need to further depose nonparty Shlomo Lichtenstein, the infant plaintiff's father.

The Supreme Court properly denied summary judgment to Fantastic with respect to the third cause of action alleging failure to warn. Fantastic demonstrated its prima facie entitlement to judgment as a matter of law on that issue. However, in opposition, the plaintiffs' expert raised a triable issue of fact as to the adequacy of the warnings on the label of the subject product by opining that 16 CFR 1500.3 (b) (14) (i) (C) was the applicable federal regulation and that it mandated labeling of the subject product with the word "DANGER," a warning the subject product lacked (*see generally Sabbatino v Rosin & Sons Hardware & Paint,* 253 AD2d 417, 418 [1998]). Moreover, even without considering the expert's affidavit, the plaintiffs raised triable issues of fact precluding summary judgment with respect to the failure to warn claim. "[I]n cases where reasonable minds might

disagree as to the extent of a plaintiff's knowledge of the hazard, the question is one for the jury" (*Liriano v Hobart Corp.*, 92 NY2d 232, 241 [1998]). The plaintiff mother's deposition testimony demonstrated that she equated the subject product with other "typical household cleaners" like Windex and did not appreciate the seriousness of the hazards it posed. Therefore, there is an issue of fact as to whether she was made fully aware of the specific hazard that caused the infant plaintiff's injuries, namely, the danger of burns to the skin upon contact with the subject product (*see Montufar v Shiva Automation Serv.*, 256 AD2d 607, 607-608 [1998]; *cf. Theoharis v Pengate Handling Sys. of N.Y.*, 300 AD2d 884, 885 [2002]; *Mangano v United Finishing Serv. Corp.*, 261 AD2d 589, 590 [1999]; *Schiller v National Presto Indus.*, 225 AD2d 1053, 1054 [1996]; *see also Billiar v Minnesota Min. & Mfg. Co.*, 623 F2d 240 [1980]). Further, the plaintiff mother testified at her deposition that additional or more conspicuous warnings would have alerted her to the potential for contact burns from the subject product, thus raising an issue of fact as to whether the alleged lack of adequate warnings on the subject bottle was the proximate cause of the infant plaintiff's injuries (*see Johnson v Johnson Chem. Co.*, 183 AD2d 64, 70 [1992]).

Well Done's remaining contentions are without merit. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.