■ WAYNE IAMICELI, Appellant, v GENERAL MOTORS CORPORATION, Respondent, et al., Defendant. [856 NYS2d 681]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 27, 2006, which granted that branch of the motion of the defendant General Motors Corporation which was pursuant to CPLR 3126 to preclude him, on the ground of spoliation of evidence, from introducing evidence in support of his strict products liability claim.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendant General Motors Corporation which was pursuant to CPLR 3126 to preclude the plaintiff, on the ground of spoliation of evidence, from introducing evidence in support of his strict products liability claim is denied.

The determination of spoliation sanctions is within the broad discretion of the court (*see Denoyelles v Gallagher,* 40 AD3d 1027 [2007]; *Dennis v City of New York,* 18 AD3d 599, 600 [2005]; *Barahona v Trustees of Columbia Univ. in City of N.Y.,* 16 AD3d 445, 446 [2005]). However, under the circumstances, the Supreme Court improvidently exercised its discretion in sanctioning the plaintiff for the spoliation of evidence by precluding him from introducing evidence in support of his strict products liability claim. The defendant General Motors Corporation (hereinafter GM) failed to demonstrate that the loss of the subject vehicle was the result of intentional or negligent destruction (*see Cameron v Nissan 112 Sales Corp.,* 10 AD3d 591, 592 [2004]; *O'Reilly v Yavorskiy,* 300 AD2d 456 [2002]). Furthermore, GM failed to establish that it would be prejudiced in its defense as a result of the loss of the subject vehicle (*see Cameron v Nissan 112 Sales Corp.,* 10 AD3d at 592), which, the plaintiff alleges, was, inter alia, defectively designed (*see Lichtenstein v Fantastic Mdse. Corp.,* 46 AD3d 762, 764 [2007]; *Lawson v Aspen Ford, Inc.,* 15 AD3d 628, 629 [2005]; *Klein v Ford Motor Co.,* 303 AD2d 376, 377 [2003]). Lifson, J.P., Covello, Angiolillo and Leventhal, JJ., concur.