■ VLADIMIR ZAYTSEV, as Administrator of the Estate of YELENA ZAYTSEVA, Deceased, Appellant, v ALLEN B. ZELMAN, M.D., et al., Respondents. [901 NYS2d 653]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), entered January 7, 2009, as granted that branch of the defendants' motion which was to sanction the plaintiff for spoliation of evidence by precluding him from offering any evidence at the time of trial with respect to missing radiologic and sonographic films taken on May 13, 2004, and June 10, 2004.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion which was to sanction the plaintiff for spoliation of evidence by precluding him from offering any evidence at the time of trial with respect to missing radiologic and sonographic films taken on May 13, 2004, and June 10, 2004, and substituting therefor a provision granting that branch of the motion only to the extent of precluding the plaintiff's expert Dr. Marc A. Hertz from offering any evidence at the time of trial with respect to his review and interpretation of the missing radiologic and sonographic films taken on May 13, 2004, and June 10, 2004; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

On April 24, 2001, a mammographic study was performed on the plaintiff's decedent by the defendant Radiology Associates of Brooklyn, LLP (hereinafter Radiology). That mammogram was read by doctors associated with Radiology who are not defendants in this action.

Thereafter, the plaintiff's decedent had an additional mammographic study performed at Radiology on May 13, 2004. That mammogram was read by the defendant Dr. Allen B. Zelman, who set out his findings and conclusions as to that mammogram in a report dated May 17, 2004. In that report, he recommended additional views. Thereafter, on June 10, 2004, the plaintiff's decedent had an additional mammographic study as well as a sonographic study performed at Radiology. That mammogram and sonogram also were read by Dr. Zelman, who set forth his findings and conclusions in two reports dated June 10, 2004, and June 14, 2004, respectively.

Due to certain physical symptoms, the plaintiff's decedent subsequently was referred to the Long Island College Hospital radiology department, and on January 29, 2005, she was diagnosed with malignant breast cancer. On June 1, 2005, the plaintiff's decedent picked up the May 13th and June 10th mammograms and sonogram from Radiology. Thereafter, her attorneys sent them for evaluation to Dr. Hertz. At least some of them were eventually read and interpreted by Dr. Hertz.

It is undisputed that all of the 2004 films were lost while they were in the custody of the plaintiff's counsel. The plaintiff's counsel submitted the affidavits of a paralegal in his office, the affidavit of a temporary cleaning person, and a letter from plaintiff's counsel concluding that the 2004 films were inadvertently discarded as trash and irretrievably lost.

Subsequently, the defendants moved for summary judgment dismissing the complaint or to sanction the plaintiff for spolia-

tion of evidence by precluding him from offering any evidence at the time of trial relating to the May 13, 2004, and June 10, 2004, films. The Supreme Court, granted that branch of the motion which was to sanction the plaintiff for spoliation of evidence by precluding him from offering any evidence at the time of the trial with respect to the missing May 13, 2004, and June 10, 2004, films and, in effect, denied that branch of the motion which was for summary judgment dismissing the action.

The Supreme Court has broad discretion in determining the sanction to be imposed for spoliation of evidence. In examining the penalty imposed for spoliation of evidence, such as admittedly occurred here, the courts will consider the prejudice that has resulted and determine whether or not the sanction imposed was appropriate or an improvident exercise of discretion (*see generally Iannucci v Rose*, 8 AD3d 437 [2004]; *Allstate Ins. Co. v Kearns*, 309 AD2d 776 [2003]). In this instance, the sanction imposed was too broad, and should have been limited to precluding Dr. Hertz from offering any evidence at the time of trial with respect to his review and interpretation of the missing films taken on May 13, 2004, and June 10, 2004. Accordingly, we modify the order to the extent indicated.

The parties' remaining contentions are either academic or improperly raised for the first time on this appeal. Rivera, J.P., Florio, Miller and Eng, JJ., concur.