■ TOBY SHAYOVICH et al., Appellants, v 800 OCEAN PARKWAY APARTMENT CORP. et al., Respondents. [909 NYS2d 749]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated September 9, 2009, as granted that branch of their motion which was pursuant to CPLR 3126 to strike the defendants' answers on the ground of spoliation of evidence only to the extent of directing the defendant Precision Elevator Corp. to provide them with records of the elevator modernization in 2008 by a specified date.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding thereto a provision granting that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to the further extent of directing that an adverse inference charge be given at trial; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants appearing separately and filing separate briefs.

In August 2005 the plaintiff Toby Shayovich allegedly was injured in a building at 800 Ocean Parkway, in Brooklyn, when she stepped into a misleveled elevator. She and her husband, suing derivatively, commenced this action against the building owners and management company (hereinafter collectively the building defendants) and Precision Elevator Corp. (hereinafter Precision), which had contracted to maintain the elevator. In March 2008 the plaintiffs served a notice requesting an inspection of the elevator. Despite their awareness of this request, and without affording the plaintiffs an opportunity to inspect the elevator, the building defendants and Precision proceeded with modernization of the elevator and discarded certain of its components. The plaintiffs moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answers. The Supreme Court granted that branch of the plaintiffs' motion only to the extent of directing that Precision disclose the records relating to the modernization of the elevator. We modify.

The Supreme Court has broad discretion in determining the appropriate sanction for intentional or negligent spoliation of evidence (*see Zaytsev v Zelman*, 73 AD3d 909 [2010]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]; *De Los Santos v Polanco*, 21 AD3d 397, 397-398 [2005]). In making this determination, the court must consider the degree to which the spoliation prejudiced the party aggrieved (*see Gotto v Eusebe-Carter*, 69 AD3d 566, 567-568 [2010]; *Lichtenstein v Fantastic Mdse. Corp.*, 46 AD3d 762, 764 [2007]). Here, the defendants modernized the elevator and discarded the parts despite their awareness of the plaintiffs' request for an inspection. Neverthe-

less, given the amount of time that passed from the date of the accident to the date the plaintiffs requested an inspection, the degree to which the plaintiffs may have been prejudiced by the spoliation was only modest, and they did not show that the spoliation left them "prejudicially bereft" of a means of proving their claims (*Fossing v Townsend Manor Inn, Inc.*, 72 AD3d 884, 885 [2010] [internal quotation marks omitted]). Consequently, the Supreme Court properly denied that branch of the plaintiffs' motion which was to strike the defendants' answers (*id.*). Nevertheless some sanction beyond provision of the records of the modernization is warranted, and we modify the order to direct that, as well, an adverse inference charge be given at trial (*see Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 718). Fisher, J.P., Dillon, Florio and Lott, JJ., concur.