■ JANE RODMAN et al., Appellants, v ARDSLEY RADIOLOGY, P.C., et al., Respondents, et al., Defendants. [914 NYS2d 304]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), entered November 25, 2009, as denied their cross motion pursuant to CPLR 3126 to strike the answers of the defendants Ardsley Radiology, P.C., and Joseph McCarthy, M.D., on the ground of spoliation of evidence.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the plaintiffs' cross motion pursuant to CPLR 3126 to strike the answers of the defendants Ardsley Radiology, P.C., and Joseph McCarthy, M.D., on the ground of spoliation of evidence is granted to the extent of directing that an adverse inference charge pertaining to those defendants be given at trial, and the cross motion is otherwise denied.

"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (*Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]). The Supreme Court has broad discretion in determining the appropriate sanction (*see Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d 814 [2010]; *Zaytsev v Zelman*, 73 AD3d 909 [2010]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]), and in making this determination, must consider "the degree to which the spoliation prejudiced the party aggrieved" (*Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d at 815; *see Gotto v Eusebe-Carter*, 69 AD3d 566, 567-568 [2010]; *Lichtenstein v Fantastic Mdse. Corp.*, 46 AD3d 762, 764 [2007]).

In this medical malpractice action, the plaintiffs allege, inter alia, that the defendants Ardsley Radiology, P.C., and Dr. Joseph McCarthy (hereinafter the respondents) failed to properly read a mammogram and diagnose the injured plaintiff's breast cancer. The unexplained loss by the respondents of the subject mammogram films, which they were obligated by statute to maintain (*see e.g.* Education Law § 6530 [32]), placed the plaintiffs at a significant disadvantage as to their ability to establish essential elements of their case. Thus, although the

extreme sanction of striking the respondents' answers was not warranted because the plaintiffs did not show that the spoliation left them "prejudicially bereft" of a means of proving their claims (*Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d at 816 [internal quotation marks omitted]), some sanction was warranted, and an appropriate sanction would be an adverse inference charge pertaining to the respondents at trial (*see Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009 [2010]; *Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d 814 [2010]; *Gotto v Eusebe-Carter*, 69 AD3d at 567-568; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894 [2009]; *Utica Mut. Ins. Co. v Berkoski Oil Co*, 58 AD3d at 718). Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.