KYLAH MADKINS, Appellant, v STATE OF NEW YORK, Respondent. [919 NYS2d 375]—

The claimant failed to demonstrate that the defendant's loss of the fetal heart monitoring strips in this case left her prejudicially bereft of evidence to prosecute her malpractice claim. Rather, the medical record, which includes progress notes, some references to the fetal heart rate at certain points in the mother's brief labor, and other relevant evidence, established that the claimant's ability to pursue her claim was not fatally compromised so as to warrant the drastic sanction of striking the defendant's answer (*see Rodman v Ardsley Radiology, P.C.*,

80 AD3d 598 [2011]; *Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009, 1011 [2010]; *Gotto v Eusebe-Carter*, 69 AD3d 566, 568 [2010]; *cf. Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342-343 [2003]). However, the defendant's failure to preserve the fetal heart monitoring strips as required by regulation (*see* 10 NYCRR 405.10 [a] [4]), and the resulting prejudice to the claimant, warrants the imposition of the lesser sanction of an adverse inference charge to be given at trial (*see e.g. Rodman v Ardsley Radiology, P.C.*, 80 AD3d 598 [2011]; *Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d 814, 815-816 [2010]; *Coleman v Putnam Hosp. Ctr.*, 74 AD3d 1009, 1012 [2010]; *Gotto v Eusebe-Carter*, 69 AD3d at 568).

In view of the foregoing, the Court of Claims properly granted the defendant's motion to compel the claimant to provide a certificate of merit pursuant to CPLR 3012-a. Mastro, J.P., Chambers, Lott and Cohen, JJ., concur.