■ JIGAR JAMINDAR, Respondent-Appellant, v UNIONDALE UNION FREE SCHOOL DISTRICT et al., Defendants/Third-Party Plaintiffs, and NORTHGATE ELECTRICAL, Appellant-Respondent, et al., Defendants. HERRICK's MECHANICAL CORPORATION, Third-Party Defendant-Respondent. [933 NYS2d 735]—

The plaintiff commenced this action to recover damages for

personal injuries he allegedly sustained when he fell approximately 25 feet from the top of a scissor lift owned by the defendant Northgate Electrical (hereinafter Northgate) while he was removing duct work for his employer, the third-party defendant, Herrick's Mechanical Corporation (hereafter Herrick's), from an auditorium of the defendants/third-party plaintiffs Uniondale Union Free School District and Uniondale High School, as part of a larger renovation project. The plaintiff alleged, inter alia, that the scissor lift was unsafe and defective. The plaintiff and Herrick's separately cross-moved, inter alia, to impose a sanction upon Northgate for spoliation of evidence as a result of Northgate's disposal of the subject scissor lift after Northgate's liability insurance carrier conducted an investigation into the accident, but before commencement of this action. The Supreme Court granted the cross motions to the extent of directing an adverse inference charge against Northgate at trial.

"When a party negligently [loses] or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleading" (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009] [internal quotation marks omitted]). However, "[w]here the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (*Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]; *see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654-655 [2007]). A sanction for spoliation of evidence may be warranted even if the evidence was destroyed before the spoliator became a party to the subject lawsuit, provided it was on notice that the evidence might be needed for future litigation (*see Baglio v St. John's Queens Hosp.*, 303 AD2d 341 [2003]). The Supreme Court is empowered with "broad discretion in determining the appropriate sanction for spoliation of evidence" (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d at 718 [internal quotation marks omitted]; *see Barahona v Trustees of Columbia Univ. in City of N.Y.*, 16 AD3d 445, 446 [2005]).

Although the scissor lift was disposed of prior to commencement of this action, the record shows that Northgate anticipated litigation pertaining to the accident, as evidenced by its prompt communication to its liability insurance carrier and production of, among other things, photos of the scissor lift which it initially refused to provide in response to discovery demands on the ground that they were taken in anticipation of litigation. Further, the plaintiff and Herrick's established that their ability to prove their claims in this matter was hampered by Northgate's

disposal of the scissor lift, as the disposal deprived them of the opportunity to conduct a detailed inspection of the scissor lift. Accordingly, contrary to Northgate's contention, the Supreme Court providently exercised its discretion in directing an adverse inference charge against Northgate at trial as a sanction for the disposal of the scissor lift (*see Madkins v State of New York*, 82 AD3d 1174, 1174-1175 [2011]; *Merrill v Elmira Hgts. Cent. School Dist.*, 77 AD3d 1165 [2010]; *Shayovich v 800 Ocean Parkway Apt. Corp.*, 77 AD3d 814 [2010]; *Seda v Epstein*, 72 AD3d 455 [2010]; *Minaya v Duane Reade Intl., Inc.*, 66 AD3d 402 [2009]; *Rodriguez v 551 Realty LLC*, 35 AD3d 221 [2006]).

Contrary to Northgate's contention, it is not aggrieved by the portions of the order entered August 16, 2010, appealed from and, therefore, its appeal from that order must be dismissed (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 148-149 [2010]). Florio, J.P., Hall, Austin and Cohen, JJ., concur.