■ AMERICAN INTERNATIONAL INSURANCE COMPANY, as Subrogee of Mortimer Zuckerman, Appellant, v A. STEINMAN PLUMBING & HEATING CORP., Defendant, and 950 FIFTH AVENUE CORPORATION, Respondent. [941 NYS2d 48]—

Judgment, Supreme Court, New York County (Marcy S. Friedman, J.), entered June 7, 2011, in this subrogation action, dismissing the complaint as against defendant 950 Fifth Avenue Corporation (950 Fifth) pursuant to an order, same court and Justice, entered April 18, 2011, which granted 950 Fifth's motion for summary judgment, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's insured sustained water damage to his apartment when the float device regulating the flow of water into the water tank on top of 950 Fifth's building failed, causing the tank to overflow. At the same time, the overflow alarm designed to warn those responsible for maintaining the building failed. Plaintiff paid the insured's claims for property damage and commenced this action seeking reimbursement.

950 Fifth established its entitlement to judgment as a matter of law. It submitted evidence showing that it did not have actual or constructive notice of a defective condition in the water tank and that both the float device and alarm system spontaneously and simultaneously failed. The record shows that the water tank was inspected and cleaned annually and that there were no prior problems with the float or alarm prior to the subject occurrence.

In opposition, plaintiff failed to raise a triable issue of fact. Its argument that 950 Fifth had been inadequately staffed on the day of the flood and that the water tank alarm actually worked, but nobody was there to hear it, was not supported by the evidence. Nor does the report of plaintiff's expert raise a triable issue. The expert's conclusion that 950 Fifth's doorman would not have heard the overflow alarm when it was activated is based on speculation (see Diaz v New York Downtown Hosp., 99 NY2d 542 [2002]; Zvinys v Richfield Inv. Co., 25 AD3d 358 [2006]).

Plaintiff's request for sanctions against 950 Fifth for spoliation of evidence, namely, the disposal of the alarm system and water float that failed, was properly denied. The float and alarm system were replaced on an emergency basis, and plaintiff had made no request that they be retained. Moreover, plaintiff's theory is not based on the failure of the systems, but on the failure of the people responsible for maintaining the premises. Plaintiff makes no showing as to how the discarded evidence would have allowed it to prove its case (see e.g. Cameron v Nissan 112 Sales Corp., 10 AD3d 591 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 2011 NY Slip Op 30972(U).]**