■ Selim Zherka, Appellant, v Larry Gribler et al., Respondents. [954 NYS2d 893]—

The plaintiff commenced this action alleging, inter alia, that the defendants had made certain slanderous statements. "Slander as a rule is not actionable unless the plaintiff suffers special damage. Special damages contemplate the loss of something having economic or pecuniary value" (*Liberman v Gelstein,* 80 NY2d 429, 434-435 [1992] [internal quotation marks and citations omitted]). "The four established exceptions [to the requirement of special damages] (collectively 'slander per se') consist of statements (i) charging plaintiff with a serious crime; (ii) that tend to injure another in his or her trade, business or profession; (iii) that plaintiff has a loathsome disease; or (iv) imputing unchastity to a woman" (*id.* at 435). Here, the plaintiff failed to plead that he suffered special damages with the requisite particularity (*see Matherson v Marchello,* 100 AD2d 233, 236 [1984]). Moreover, contrary to the plaintiff's

contention, the second amended complaint failed to allege that the defendants charged him with committing a serious crime (*see Caffee v Arnold*, 104 AD2d 352, 353 [1984]; *Privitera v Town of Phelps*, 79 AD2d 1, 4 [1981]; *Klein v McGauley*, 29 AD2d 418, 421 [1968]). Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

In light of our determination, we need not reach the plaintiff's remaining contention. Eng, P.J., Leventhal, Hall and Lott, JJ., concur.