■ Kristin Mangilit-Pradlik, Plaintiff, and Anthony J. Pradlik, Appellant, v Valvoline Instant Oil Change GE 6604-White Plains et al., Respondents. [991 NYS2d 368]—

In an action to recover damages for negligence, defamation, and intentional infliction of emotional distress, the plaintiff Anthony J. Pradlik appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated December 12, 2012, as denied the plaintiffs' motion for leave to amend the complaint, denied their separate motion pursuant to CPLR 3126 to impose a sanction upon the defendants for spoliation of evidence, and granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action to recover damages for defamation and intentional infliction of emotional distress.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint.

"Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]; *see Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d 805, 806 [2013]). Here, the proposed amendments were patently devoid of merit (*see Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d at 806; *Torres v Louzoun Enters., Inc.*, 105 AD3d 945, 946 [2013]; *see also Vargas v Crown Container Co., Inc.*, 114 AD3d 762, 764 [2014]; *Pappas v Passias*, 271 AD2d 420, 421 [2000]).

Moreover, it was not an improvident exercise of discretion for the Supreme Court to deny the plaintiffs' separate motion to impose a sanction upon the defendants for spoliation of evidence. " 'The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence' " (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013], quoting *Lentz v Nic's Gym, Inc.*, 90 AD3d 618, 618 [2011]). "The party requesting sanctions for spoliation of evidence has the burden of demonstrating that a litigant intentionally or negligently disposed of critical evidence, and fatally compromised the movant's ability to prove a claim or defense" (*Giuliano v 666 Old Country Rd., LLC*, 100 AD3d 960, 962 [2012]; *see Mendez v La Guacatala, Inc.*, 95 AD3d 1084, 1085 [2012]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]). "[A] court may impose a sanction less severe than the striking of the responsible party's pleading or no sanction 'where the missing evidence does not deprive the moving party of the ability to establish his or her case or defense' " (*Falcone v Karagiannis*, 93 AD3d 632, 634 [2012], quoting *Denoyelles v Gallagher*, 40 AD3d 1027, 1027 [2007]; *see Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 610, 611 [2011]). Here, the plaintiffs failed to establish that the defendants intentionally or negligently disposed of critical evidence, or that the loss of the evidence fatally compromised their ability to prove their claims (*see Scivoli v Levit*, 79 AD3d 1011, 1013 [2010]).

The Supreme Court properly granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action to recover damages for defamation and intentional infliction of emotional distress. As to the cause of action alleging defamation, the defendants made a prima facie showing that the plaintiffs did not suffer any special damages, and that the alleged defamatory statements did not constitute slander per se (*see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]; *Zherka v Gribler*, 101 AD3d 864, 864

[2012]; *Matherson v Marchello*, 100 AD2d 233, 235 [1984]). Moreover, the defendants established, prima facie, that the acts allegedly committed by employees of the defendant Valvoline Instant Oil Change GE 6604-White Plains did not rise to the level of extreme and outrageous conduct required to sustain a cause of action to recover damages for intentional infliction of emotional distress (*see Curtis-Shanley v Bank of Am.*, 109 AD3d 634, 635 [2013]; *Baumann v Hanover Community Bank*, 100 AD3d 814, 816-817 [2012]; *Waynes v BJ's Wholesale Club, Inc.*, 97 AD3d 659, 661 [2012]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.