Leroy Johnson et al., Appellants, v NBO Realty, Inc., Respondent. (And a Third-Party Action.) [5 NYS3d 898]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated April 17, 2014, which denied their motion to vacate an order of the same court (Schneier, J.H.O.) dated August 5, 2013, denying their motion pursuant to CPLR 3126 to impose sanctions upon the defendant for spoliation of evidence.

Ordered that the order dated April 17, 2014, is affirmed, with costs.

Under the common-law doctrine of spoliation, when a party either negligently loses or intentionally destroys key evidence, thus depriving an adversary of the ability to prove a claim, the responsible party may be sanctioned (see *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]; *Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]). "The party requesting sanctions for spoilation [sic] has the burden of demonstrating

that a litigant intentionally or negligently disposed of critical evidence, and 'fatally compromised its ability to' " prove its claim or defense (*Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009], quoting *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629 [2005]).

The determination of whether sanctions for spoliation of evidence are appropriate is within the sound discretion of the trial court (*see Lentini v Weschler*, 120 AD3d 1200 [2014]; *Mangilit-Pradlik v Valvoline Instant Oil Change GE6604-White Plains*, 120 AD3d 774, 775 [2014]). Under the circumstances of this case, the denial of the plaintiffs' motion pursuant to CPLR 3126 to impose sanctions upon the defendant for the alleged spoliation of evidence constituted a provident exercise of discretion. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.