M.B. v St. Francis Preparatory Sch. (2023 NY Slip Op 04651)

M.B. v St. Francis Preparatory Sch.

2023 NY Slip Op 04651

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05767
 (Index No. 518991/19)

[*1]M.B., etc., respondent, 
v
St. Francis Preparatory School, appellant, et al., defendants.

Biedermann Hoenig Semprevivo, P.C., New York, NY (Raychel A. Camilleri of counsel), for appellant.
The Blash Firm PLLC, New York, NY (Justin S. Blash and Stacy Baden of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant St. Francis Preparatory School appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated July 20, 2021. The order granted the plaintiff's cross-motion pursuant to CPLR 3126 to strike the answer of the defendant St. Francis Preparatory School and denied, as academic, that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the plaintiff's cross-motion pursuant to CPLR 3126 to strike the answer of the defendant St. Francis Preparatory School is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
In August 2019, the plaintiff, by her father and natural guardian, commenced this action against, among others, the defendant St. Francis Preparatory School (hereinafter the defendant) to recover damages for injuries the plaintiff allegedly sustained when she slipped and fell on liquid at a dance held at the defendant's premises in May 2019. At the time of commencement of the action, the plaintiff requested that the defendant preserve, inter alia, surveillance footage of the dance and the incident. The defendant had preserved 51 seconds of surveillance footage from the dance depicting the seconds before the incident, the incident, and the seconds after, and produced this clip to the plaintiff. However, surveillance footage of the entire dance no longer existed because the camera system had automatically overwritten the footage 21 days after the incident.
The defendant then moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved pursuant to CPLR 3126 to strike the defendant's answer on the ground of spoliation of evidence. In opposition to the cross-motion, the defendant submitted the affidavit of an assistant principal who, shortly after the incident, had reviewed the surveillance footage from the night of the incident and preserved the 51-second clip. The assistant principal averred that, when he viewed the surveillance footage, he preserved only the portion that depicted the moments just before and after the incident according to the defendant's normal business practices. The remaining surveillance footage was overwritten 21 days after the incident pursuant to the system's automated program. In an order dated July 20, 2021, the Supreme Court granted the plaintiff's cross-motion and denied the defendant's motion as academic. The defendant appeals.
"'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968, quoting Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Gregorian v New York Life Ins. Co., 211 AD3d 706, 709, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; see Sanders v 210 N. 12th St., LLC, 171 AD3d at 968). "In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Sanders v 210 N. 12th St., LLC, 171 AD3d at 968; see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211).
Here, the Supreme Court should have denied the plaintiff's cross-motion pursuant to CPLR 3126 to strike the defendant's answer. The plaintiff did not establish that the defendant was placed on notice that the evidence might be needed for future litigation at the time the surveillance footage was overwritten (see Sanders v 210 N. 12th St., LLC, 171 AD3d at 968; Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211). The plaintiff did not notify the defendant of her claim or request that it preserve any surveillance footage until three months after the incident, by which time the surveillance footage had been automatically overwritten according to the defendant's normal business practices.
Further, contrary to the Supreme Court's determination, the defendant's preservation of only a portion of the surveillance footage does not indicate a culpable state of mind (see Hoppe v Imperial Towers Assoc., 181 AD3d 659, 660) as the defendant's representative, an assistant principal, averred in an affidavit that he saved the 51-second clip of the incident consistent with ordinary business practices. The assistant principal's affidavit was also sufficient to provide the court with a "basis to find that the search for [the surveillance footage] had been a thorough one [and] that it had been conducted in a good faith effort to provide [the surveillance footage] to the plaintiff" (Jackson v City of New York, 185 AD2d 768, 770). Similarly, no evidence indicates that the defendant was negligent in failing to preserve the additional surveillance footage (see Iamiceli v General Motors Corp., 51 AD3d 635, 635). Moreover, the plaintiff did not demonstrate that the defendant's failure to preserve all of the surveillance footage fatally compromised her ability to prove her claim (see Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d 582, 584; Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 656).
Thus, the plaintiff's cross-motion pursuant to CPLR 3126 to strike the defendant's answer should have been denied. Accordingly, we remit the matter to the Supreme Court, Queens County, for a determination on the merits of the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court