■ ALEAH HOLLAND et al., Appellants, v W.M. REALTY MANAGEMENT, INC., Respondent. [883 NYS2d 555]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 7, 2007, as granted that branch of the defendant's motion which was pursuant to CPLR 3126 to preclude them from offering any evidence at trial pertaining to mold samples which were taken and examined by an environmental inspection firm retained by the plaintiffs' former counsel, and (2) an order of the same court dated May 14, 2008, which denied their motion for leave to renew and reargue their opposition to the defendant's motion.

Ordered that the appeal from so much of the order dated May 14, 2008 as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 14, 2008 is reversed insofar as reviewed, on the law and in the exercise of discretion, that branch of the plaintiffs' motion which was for leave to renew is granted, and upon renewal, so much of the order dated November 7, 2007, as granted that branch of the defendant's motion which was pursuant to CPLR 3126 to preclude the plaintiffs from offering any evidence at trial pertaining to mold samples taken and examined by an environmental inspection firm retained by the plaintiffs' former counsel is vacated, and that branch of the defendant's motion is denied; and it is further,

Ordered that the appeal from the order dated November 7, 2007 is dismissed as academic in light of our determination of the appeal from the order dated May 14, 2008; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs allege that they were injured by toxic mold present in their apartment from October 28, 2001, until July 1, 2002. The apartment was managed by the defendant. In mid-July 2002, almost all of the mold was removed by the building's superintendent. Approximately two weeks later, with the cooperation and assistance of the building superintendent, an industrial hygienist from Micro Ecologies, Inc. (hereinafter Micro Ecologies), collected two swab mold samples from a wall and a ceiling cavity of the apartment which were then sent to P&K Microbiologies Services, Inc. (hereinafter P&K), for destructive testing. A small piece of wood from the ceiling cavity was retained by Micro Ecologies. A preliminary report from Micro Ecologies, which included the test report from P&K, indicated the presence of contaminated levels of fungi and bacteria in the two swab samples taken from the apartment.

Micro Ecologies had been retained by the plaintiffs' former counsel. The instant action was commenced on July 28, 2005. Thereafter, the plaintiffs were ordered to make any mold samples in their possession or control available to the defendant for nondestructive testing, pursuant to a preliminary conference order dated January 24, 2006, an order compelling disclosure dated May 31, 2006, and a conditional order of preclusion dated June 14, 2007. When the samples were not made available, the Supreme Court, in its order dated November 7, 2007, granted that branch of the defendant's motion which was to preclude evidence of mold test results. Thereafter, the

plaintiff moved for leave to renew and reargue, providing evidence on renewal that the small piece of wood obtained from the ceiling cavity of the apartment retained by Micro Ecologies had been recently located, and that the testable "shelf life" of the swabbed mold samples was approximately only six months, which had long before expired. By order dated May 14, 2008, the court denied the plaintiff's motion for leave to renew and reargue. The plaintiff appeals from both orders.

Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126 (*see Ingoglia v Barnes & Noble Coll. Booksellers, Inc.,* 48 AD3d 636, 637 [2008]; *Baglio v St. John's Queens Hosp.,* 303 AD2d 341, 342 [2003]). However, striking a pleading as a sanction for spoliation is appropriate only where the missing evidence deprives the moving party of the ability to establish his or her claim or defense (*see Enstrom v Garden Place Hotel,* 27 AD3d 1084, 1086 [2006]; *Iannucci v Rose,* 8 AD3d 437, 438 [2004]; *Baglio v St. John's Queens Hosp.,* 303 AD2d at 342).

The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for the spoliation of evidence (*see Iannucci v Rose,* 8 AD3d at 438; *Allstate Ins. Co. v Kearns,* 309 AD2d 776 [2003]; *Puccia v Farley,* 261 AD2d 83, 85 [1999]). We should substitute our judgment for that of the Supreme Court only if its discretion was exercised improvidently (*see Melendez v City of New York,* 2 AD3d 170, 170-171 [2003]).

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). However, it is within a court's discretion to grant leave to renew upon facts known to the moving party at the time of the original motion (*see J.D. Structures v Waldbaum,* 282 AD2d 434, 435 [2001]).

Under the peculiar facts of this action, the Supreme Court should have granted that branch of the plaintiffs' motion which was for leave to renew his earlier opposition, and, upon renewal, the prior order of preclusion should have been vacated. It was uncontested that the mold samples taken in 2002 had a testable "shelf life" of only six months. That being the case, the destruction of the swabbed mold samples caused no prejudice to the defendant inasmuch as those samples had quickly and naturally lost their testable value (*see Bannon v Auerbach,* 6 Misc 3d 219, 220-221 [2004]). The defendant, having been put on notice of the plaintiffs' claims beginning in December 2001,

could have obtained its own mold samples in 2002, but did not do so. Moreover, the wood sample taken from the apartment has been recently located, for reasons adequately explained in the plaintiffs' renewal papers.

The parties' remaining contentions have been rendered academic. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.