■ DORIS ORTIZ, Appellant, v BAJWA DEVELOPMENT CORP., Defendant, and IMTIAZ DONUT CORP., Respondent. [933 NYS2d 366]—

"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (*Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2009]; *see Baglio v St. John's Queens Hosp.*, 303 AD2d 341, 342 [2003]). The court may, under appropriate circumstances, impose a sanction "even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided it was on notice that the evidence might be needed for future litigation" (*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *see Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *Baglio v St. John's Queens Hosp.*, 303 AD2d at 342).

The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for the spoliation of evidence (*see Iannucci v Rose*, 8 AD3d at 438; *Allstate Ins. Co. v Kearns*, 309 AD2d 776 [2003]; *Puccia v Farley*, 261 AD2d 83, 85 [1999]). "We should substitute our judgment for that of the Supreme Court only if its discretion was exercised improvidently" (*Holland v W.M. Realty Mgt., Inc.*, 64 AD3d at 629).

The President of the defendant Imtiaz Donut Corp. (hereinafter the defendant) discarded the defendant's business records after he had notice of the plaintiff's lawsuit against the owner of the premises where the accident occurred and when it should have been obvious that the plaintiff would also assert a claim

against the defendant, a tenant of the subject premises (*see Erdely v Access Direct Sys., Inc.*, 45 AD3d 724, 726-727 [2007]). However, both the plaintiff and the defendant are equally affected by the loss of the records of the names and addresses of the defendant's employees who were at work on the day of the accident, and neither has reaped an unfair advantage in the litigation (*see De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]; *Lawson v Aspen Ford, Inc.*, 15 AD3d 628, 629-630 [2005]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 334 [2004]). Accordingly, under the circumstances, the court should have granted the plaintiff's motion pursuant to CPLR 3126, but only to the extent of precluding the defendant from offering any testimony at trial from its employees whose names and addresses were lost.

The plaintiff's remaining contention is without merit. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.