Dawn Marie Lentz, Respondent, v Nic's Gym, Incorporated, Appellant. [933 NYS2d 875]—

The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence (*see Iannucci v Rose*, 8 AD3d 437, 438 [2004]). "It may, under appropriate circumstances, impose a sanction 'even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the spoliator] was on notice that the evidence might be needed for future litigation' " (*id.* at 438, quoting

*DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]; *see Favish v Tepler*, 294 AD2d 396 [2002]).

Here, given the defendant's failure to produce the physical evidence in question, the Supreme Court providently exercised its discretion in determining that an adverse inference charge and a reimbursement of the costs of an October 2008 site inspection by the plaintiff's expert were appropriate sanctions (*see Yechieli v Glissen Chem. Co., Inc.*, 40 AD3d 988, 989 [2007]; *Molinari v Smith*, 39 AD3d 607, 608 [2007]; *Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332, 334 [2004]; *see also De Los Santos v Polanco*, 21 AD3d 397, 397-398 [2005]). Rivera, J.P., Dickerson, Eng and Roman, JJ., concur.