■ SARAH BINIACHVILI, an Infant, by Her Father and Natural Guardian, DAVID BINIACHVILI, et al., Respondents, v YESHIVAT SHAARE TORAH, INC., Appellant. (Action No. 1.) LISA GINDI, an Infant, by Her Mother and Natural Guardian, JULIE GINDI, et al., Respondents, v YESHIVAT SHAARE TORAH, INC., Appellant, et al., Defendant. (Action No. 2.) RACHEL SASSON, an Infant, by Her Mother and Natural Guardian, RENEE SASSON, et al., Respondents, v YESHIVAT SHAARE TORAH, INC., Appellant, et al., Defendant. (Action No. 3.) [990 NYS2d 891]—

In related actions to recover damages for personal injuries, etc., the defendant Yeshivat Shaare Torah, Inc., appeals, as

limited by its brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 22, 2012, as granted that branch of the motion of the plaintiffs in action No. 1, and those branches of the separate motions of the respective plaintiffs in action Nos. 2 and 3, which were pursuant to CPLR 3126 to strike the answers based on its spoliation of evidence, and thereupon for summary judgment on the issue of liability insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs in action No. 2.

On May 22, 2009, the infant plaintiffs in the above-captioned actions, along with approximately 30 other students of the defendant Yeshivat Shaare Torah, Inc. (hereinafter the defendant), were directed by their teachers to stand on an exterior grate located on the school's premises for a class picture. The grate gave way, causing the students to plunge 11 feet down the shaft onto the concrete slab below. When the plaintiffs' experts arrived at the school on the agreed-upon date of July 23, 2009, to inspect the grate, the defendant informed them that the grate was not available. By letter dated November 3, 2009, in response to several inquiries made by the plaintiffs, the defendant advised that the grate had been removed from the school and disposed of on June 18, 2009.

Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, that party may be sanctioned under CPLR 3126 (see Samaroo v Bogopa Serv. Corp., 106 AD3d 713 [2013]; Shay v Mozer, Inc., 80 AD3d 687, 688 [2011]; Holland v W.M. Realty Mgt., Inc., 64 AD3d 627 [2009]). Since the Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence (see Ortega v City of New York, 9 NY3d 69, 76 [2007]; Lentz v Nic's Gym, Inc., 90 AD3d 618 [2011]), it may, under appropriate circumstances, impose a sanction even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided the spoliator was on notice that the evidence might be needed for future litigation (see Lentz v Nic's Gym, Inc., 90 AD3d 618 [2011]; DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 53 [1998]).

Here, the Supreme Court providently exercised its discretion in striking the defendant's answers and thereupon awarding the plaintiffs summary judgment on the issue of liability pursuant to CPLR 3126. The record demonstrates that the defendant disposed of the grate involved in the accident after having received a written demand from one of the infant plaintiff's at-

torneys that the grate be preserved for inspection by the plaintiffs and their experts. Moreover, the plaintiffs demonstrated that they were unduly prejudiced by the defendant's conduct in disposing of the grate.

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.