■ CHAVA ROKACH, Appellant, v YOSEF TABACK et al., Respondents. [50 NYS3d 499]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated August 19, 2015, which denied her separate motions for summary judgment on the issue of liability and to sanction the defendants for spoliation of evidence.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying the plaintiff's motion to sanction the defendants for spoliation of evidence, and substituting therefor a provision granting that motion to the extent of precluding the defendants from offering any evidence in the action as to the contents of a video recording of the subject accident which subsequently was erased; as so modified, the order is affirmed, with costs payable by the defendants.

The plaintiff allegedly was injured when a vehicle owned by the defendant Yosef Taback and operated by an employee of the defendant Royal Collision N.Y., Inc., doing business as Dependable (hereinafter Royal), an auto collision repair business, came into contact with her as she was walking on the public sidewalk outside the business. After conducting preliminary discovery, the plaintiff moved for summary judgment on the issue of liability. She submitted an affidavit in which she described the accident in conclusory fashion, and contended that the defendants were negligent in violating the Vehicle and Traffic Law by failing to yield the right of way to her, and that she was not at fault owing to her status as a sidewalk pedestrian. The defendants opposed the motion with an affidavit of the vehicle operator, who claimed that he had just started to back into the garage at a speed of two to three miles per hour when he saw the plaintiff on the ground and immediately stopped the vehicle. He claimed that he did not feel the vehicle make contact with the plaintiff. The defendants also submitted an affidavit of Joseph Grunfeld, a principal of Royal, who claimed that while he did not witness the incident, he viewed a surveillance video recording shortly thereafter, which allegedly revealed that the plaintiff stood at the side of

the vehicle as it backed up and then sat down behind the front tire, causing the vehicle to drive over her toes. Although Grunfeld was notified of an impending lawsuit by the plaintiff only two days after the incident, the defendants took no steps to preserve the video recording, and it subsequently was erased. In view of this revelation, the plaintiff separately moved to sanction the defendants for the spoliation of the video evidence. The defendants opposed the motion on the ground that no spoilation occurred, since the plaintiff never requested that any potential video recording be preserved, and because the video was erased in the normal course of business. The Supreme Court denied the plaintiff's motions.

Pursuant to the common-law doctrine of spoliation, the imposition of a sanction may be appropriate where a party negligently loses or intentionally destroys key evidence (*see Neve v City of New York*, 117 AD3d 1006, 1008 [2014]; *Rodman v Ardsley Radiology, P.C.*, 103 AD3d 871, 872 [2013]). The Supreme Court has broad discretion in determining the appropriate sanction for spoliation (*see Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d 605, 606 [2014]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717, 718 [2009]), and "[t]he nature and severity of the sanction depends upon a number of factors, including, but not limited to, the knowledge and intent of the spoliator, the existence of proof of an explanation for the loss of the evidence, and the degree of prejudice to the opposing party" (*Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]).

Here, the Supreme Court improvidently exercised its discretion in failing to impose any sanction. The plaintiff sustained her burden of establishing that spoliation occurred, given that the defendants failed to preserve the surveillance video despite their knowledge of a reasonable likelihood of litigation regarding the incident, and the highly relevant nature of the video evidence to that litigation (*see e.g. Strong v City of New York*, 112 AD3d 15 [2013]; *Ortiz v Bajwa Dev. Corp.*, 89 AD3d 999 [2011]). However, since the destruction of the evidence did not deprive the plaintiff of her ability to prove her claim so as to warrant the drastic sanction of striking the defendants' answer, the appropriate sanction for the spoliation herein is to preclude the defendants from offering any evidence in this action regarding the alleged contents of the erased surveillance video (*see generally Neve v City of New York*, 117 AD3d 1006 [2014]; *Strong v City of New York*, 112 AD3d 15 [2013]; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713 [2013]; *Utica Mut. Ins. Co. v Berkoski Oil Co.*, 58 AD3d 717 [2009]). The defendants' remain-

ing contentions on this issue are without merit. Accordingly, the court should have granted the plaintiff's motion to the extent of precluding the defendants from offering any evidence in the action as to the contents of the video.

Furthermore, the Supreme Court correctly denied the plaintiff's motion for summary judgment. " 'To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault' " (*Bowen v Farrell*, 140 AD3d 1001, 1002 [2016], quoting *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see Lesaldo v Dabas*, 140 AD3d 708, 709 [2016]). Here, the plaintiff failed to demonstrate her prima facie entitlement to judgment as a matter of law, since her conclusory affidavit did not provide any of the essential details of the accident and failed to establish her freedom from comparative fault (*see Roberts v Zirkind*, 140 AD3d 940 [2016]; *Derieux v Apollo N.Y. City Ambulette, Inc.*, 131 AD3d 504 [2015]; *Yi Min Feng v Jin Won Oh*, 71 AD3d 879 [2010]). Accordingly, the motion for summary judgment was properly denied, without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.