■ Blanche Aponte et al., Appellants, v Clove Lakes Health Care and Rehabilitation Center, Inc., Respondent. [59 NYS3d 750]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Troia, J.), dated July 27, 2016, which denied their motion to strike the defendant's answer on the ground of spoliation of evidence and, thereupon, for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that

the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547 [2015] [internal quotation marks omitted]; *see Golan v North Shore-Long Is. Jewish Health Sys., Inc.*, 147 AD3d 1031, 1032 [2017]). "[I]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (*Bill's Feed Serv., LLC v Adams*, 132 AD3d 1400, 1401 [2015] [internal quotation marks omitted]; *see Golan v North Shore-Long Is. Jewish Health Sys., Inc.*, 147 AD3d at 1033-1034; *Iannucci v Rose*, 8 AD3d 437, 438 [2004]; *cf. Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d 605, 606-607 [2014]).

Here, the plaintiffs alleged that on July 13, 2013, the plaintiff Blanche Aponte was injured at the defendant's facility when a bed upon which she was lying collapsed. Approximately two years later, on March 17, 2015, the plaintiffs commenced the instant action by filing a summons and complaint. Sometime after the action was commenced, the plaintiffs demanded an inspection of the bed. However, the defendant claimed that, long before the instant action was commenced, the bed was examined by the defendant's maintenance worker, found to be fit, and reinserted into use at the defendant's facility, thereby rendering it unidentifiable. There is nothing in the record before this Court which demonstrates that the defendant had notice of the plaintiffs' claim prior to the commencement of the litigation, which was approximately two years after the accident. The plaintiffs therefore failed to establish that the defendant intentionally or negligently failed to preserve crucial evidence after being placed on notice that the evidence might be needed for future litigation (*see Biniachvili v Yeshivat Shaare Torah, Inc.*, 120 AD3d at 606; *Samaroo v Bogopa Serv. Corp.*, 106 AD3d 713, 714 [2013]; *Leevson v Bay Condos, LLC*, 67 AD3d 972, 973 [2009]; *Jenkins v Proto Prop. Servs., LLC*, 54 AD3d 726, 727 [2008]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008]; *Lovell v United Skates of Am., Inc.*, 28 AD3d 721, 721 [2006]; *cf. Rokach v Taback*, 148 AD3d 1195, 1196 [2017]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion to strike the defendant's answer on the ground of spoliation of evidence and, thereupon, for summary judgment on the issue of liability. Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.