Tanner v Bethpage Union Free Sch. Dist. (2018 NY Slip Op 03869)





Tanner v Bethpage Union Free Sch. Dist.


2018 NY Slip Op 03869


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-00214
 (Index No. 600866/16)

[*1]Brooke Tanner, etc., appellant, 
v
Bethpage Union Free School District, respondent.


Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 21, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, to strike the defendant's answer on the ground of spoliation of evidence and, thereupon, for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 21, 2015, the plaintiff's daughter, an eighth-grade student at the John F. Kennedy Middle School within the defendant, Bethpage Union Free School District, allegedly was injured when she tripped and fell over a metal chain while running outside the school during gym class. In January 2016, the plaintiff commenced this action, on behalf of her daughter and individually, against the defendant. In a letter dated August 12, 2016, the plaintiff requested that the defendant provide surveillance video footage of the incident. The defendant responded that no surveillance video footage existed, as the video system in place at the time of the incident only retained images for 30 days, at which point the video was overwritten. Thereafter, the plaintiff moved, inter alia, in effect, to strike the defendant's answer on the ground of spoliation of evidence and, thereupon, for summary judgment on the issue of liability. In the order appealed from, the Supreme Court denied that branch of the plaintiff's motion, and the plaintiff appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Aponte v Clove [*2]Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593). "[I]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594 [internal quotation marks omitted]; see Raymond v State of New York, 294 AD2d 854, 855; Conderman v Rochester Gas & Elec. Corp., 262 AD2d 1068, 1070). Here, the plaintiff failed to establish that the defendant intentionally or negligently failed to preserve the video after being placed on notice that the evidence might be needed for future litigation (see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1033-1034; Bach v City of New York, 33 AD3d 544, 545; cf. Rokach v Taback, 148 AD3d 1195, 1196; Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606-607; Strong v City of New York, 112 AD3d 15, 18, 22).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was, in effect, to strike the defendant's answer on the ground of spoliation of evidence and, thereupon, for summary judgment on the issue of liability.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court