Cannella v Spector (2018 NY Slip Op 08626)





Cannella v Spector


2018 NY Slip Op 08626


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-08295
 (Index No. 5047/12)

[*1]Robert Cannella, appellant, 
v
Juval Spector, etc., et al., respondents.


Lutfy & Santora, Staten Island, NY (James L. Lutfy of counsel), for appellant.
Chesney & Nicholas, LLP, Syosset, NY (Stephen V. Morello of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered July 8, 2016. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated March 24, 2016, denying the plaintiff's motion, inter alia, to impose sanctions on the defendants for spoliation of evidence.
ORDERED that the order entered July 8, 2016, is affirmed insofar as appealed from, with costs.
In this dental malpractice action, the plaintiff moved, inter alia, to impose sanctions on the defendants for spoliation of evidence based on their failure to produce a pre-extraction mandibular study model, which was used to create a mold for the plaintiff's dentures. The Supreme Court denied the motion. The plaintiff thereafter moved, inter alia, for leave to reargue his prior motion. In an order entered July 8, 2016, the court reviewed the plaintiff's contentions on that branch of his motion which was for leave to reargue, and thus, in effect, granted reargument and adhered to its original determination. Therefore, the order entered July 8, 2016, made upon reargument, is appealable (see Stile v Jen Mar. Dev., LLC, 69 AD3d 707).
Contrary to the plaintiff's contentions, the Supreme Court did not improvidently exercise its discretion in denying his motion, inter alia, to impose sanctions on the basis of the defendants' alleged spoliation of evidence. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593). Here, the plaintiff failed to establish that the defendants intentionally or negligently failed to preserve the pre-extraction mandibular study model after being placed on notice that the evidence might be [*2]needed for future litigation (see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1033-1034).
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.

2016-08295 DECISION & ORDER ON MOTION
Robert Cannella, appellant, v Juval Spector, etc.,
et al., respondents.
(Index No. 5047/12)

Motion by the respondents to dismiss an appeal from an order of the Supreme Court, Nassau County, entered July 8, 2016, on the ground that the order denied reargument. By decision and order on motion of this Court dated November 23, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Separate motion by the respondents to strike certain material on pages 3 through 5 of the appellant's reply brief. Cross motion by the appellant to strike certain material on page 23 of the respondents' brief on the grounds, inter alia, that it refers to matter dehors the record. By decision and order on motion of this Court dated March 22, 2017, the motion and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal from the order entered July 8, 2016, on the ground that the order denied reargument is denied; and it is further,
ORDERED that the motion to strike certain material on pages 3 through 5 of the appellant's reply brief and the cross motion to strike certain material on page 23 of the respondents' brief on the ground that it refers to matter dehors the record are granted, and the portion of the appellant's reply brief on pages 3 through 5 identified as number 4 of the "Corrections to Counter-Statement of Facts and Representations Made in Opposition Brief of Defendants-Respondents" and the portion of the respondents' brief beginning on line 10 on page 23 with the words "The plaintiff-appellant took" and continuing through line 15 on that page are deemed stricken and have not been considered in the determination of the appeal.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court