Sanders v 210 N. 12th St., LLC (2019 NY Slip Op 02737)





Sanders v 210 N. 12th St., LLC


2019 NY Slip Op 02737


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-08222
 (Index No. 510620/16)

[*1]Michael Sanders, respondent, 
v
210 N. 12th Street, LLC, appellant.


O'Connor Redd, LLP, Port Chester, NY (Kara Neal, Joseph M. Cianflone, and Nicole Salerno), for appellant.
Mirman Markovits & Landau, P.C., New York, NY (Ephrem J. Wertenteil of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Martin Schneier, J.H.O.), dated June 28, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions on the defendant to the extent of precluding the defendant from offering video surveillance footage of the subject accident into evidence at trial, and referred that branch of the plaintiff's motion which was for an adverse inference charge to the Justice of the Supreme Court presiding at trial.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as referred that branch of the plaintiff's motion which was for an adverse inference charge to the Justice of the Supreme Court presiding at trial is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were pursuant to CPLR 3126 to impose sanctions on the defendant are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On January 26, 2016, the plaintiff allegedly was injured when he slipped and fell on a patch of ice as he was exiting the defendant's building in Brooklyn after making a delivery to a resident therein. About two or three days after the accident, the plaintiff's employer contacted the property manager of the defendant's building and requested a copy of any video surveillance footage depicting the plaintiff's accident for the purpose of verifying the plaintiff's excuse that he was absent from work because he was injured. The property manager sent to the plaintiff's employer, via electronic mail, an approximately two-minute clip of the footage depicting the plaintiff's fall. On June 22, 2016, the plaintiff commenced this action against the defendant to recover damages for personal injuries. After a preliminary conference order directing the defendant to respond to outstanding discovery demands, the defendant produced the two-minute clip of the video surveillance footage.
By notice of motion dated March 30, 2017, the plaintiff moved, inter alia, pursuant to CPLR 3101(i) to compel the defendant to produce all of the video surveillance footage taken on the date of the accident, or pursuant to CPLR 3126 to preclude the defendant from introducing evidence at trial of matters pertaining to any destroyed video surveillance footage or to direct that a negative inference charge be given against the defendant at trial on the ground of spoliation of evidence. In opposition, the defendant submitted the affidavit of its property manager, which stated that he only had a copy of the two-minute clip that he had previously e-mailed to the plaintiff's employer and that the remaining video surveillance footage was automatically deleted 30 days after the accident. The property manager averred that, when he viewed the footage, he did not think that the accident was serious, as he saw the plaintiff laughing with his coworker after the fall. For the first time in reply, the plaintiff produced an unsigned letter dated February 23, 2016, purportedly sent to the defendant by the plaintiff's counsel, requesting that the defendant preserve videos and surveillance films showing the location of the accident for 6 hours before and 2 hours after the accident for any lawsuit that may be commenced. In a surreply affirmation, the defendant's attorney denied that the defendant received that letter. The Judicial Hearing Officer granted that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions on the defendant to the extent of precluding the defendant from offering the video surveillance footage of the accident into evidence at trial and referred that branch of the plaintiff's motion which was for an adverse inference charge to the Justice of the Supreme Court presiding at trial. The defendant appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 593-594). In the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices (see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594; Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606; Lovell v United Skates of America, Inc., 28 AD3d 721).
Here, the plaintiff did not establish that the defendant failed to preserve all of the surveillance video footage taken on the date of the accident after the defendant was placed on notice that the evidence might be needed for future litigation (see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 594; Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1033-1034; Bach v City of New York, 33 AD3d 544, 545). The letter dated February 23, 2016, which was submitted for the first time with the plaintiff's reply papers, may be considered, since the defendant had an opportunity to respond and submit papers in surreply (see Gluck v New York City Tr. Auth., 118 AD3d 667, 668; Hanscom v Goldman, 109 AD3d 964, 965; Zernitsky v Shurka, 94 AD3d 875, 876). However, the defendant denied receiving this letter and we reject the plaintiff's argument that he is entitled to the presumption of receipt. The mere assertion in the reply affirmation of the plaintiff's attorney that the letter dated February 23, 2016, was "sent" to the defendant, unsupported by someone with personal knowledge of the mailing of the letter or proof of standard office practice or procedure designed to ensure that the letter was properly addressed and mailed, was insufficient to give rise to the presumption of receipt that attaches to letters duly addressed and mailed (see Long Is. Sports Dome v Chubb Custom Ins. Co., 23 AD3d 441, 442; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679; Washington v St. Paul Surplus Lines Ins. Co., 200 AD2d 617, 618). The tenant's email submitted by the plaintiff for the first time in reply also was insufficient to establish that the defendant had notice of future litigation or the plaintiff's specific claim (see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594; Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d at 606; Lovell v United Skates of Am., Inc., 28 AD3d 721). In any event, the plaintiff did not demonstrate that the [*2]defendant's failure to preserve all of the video surveillance footage fatally compromised his ability to prove his claim (see Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 846-847; cf. Jennings v Orange Regional Med. Ctr., 102 AD3d 654, 656; Mendez v La Guacatala, Inc., 95 AD3d 1084, 1085).
Accordingly, those branches of the plaintiff's motion which were pursuant to CPLR 3126 to impose sanctions on the defendant should have been denied.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court