Adam v New York City Tr. Auth. (2019 NY Slip Op 08386)





Adam v New York City Tr. Auth.


2019 NY Slip Op 08386


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-07658
 (Index No. 24518/11)

[*1]Margaret Adam, respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated April 1, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to impose sanctions upon the defendants for spoliation of evidence to the extent of directing the defendants to produce eight individuals for depositions and to bear the costs of those depositions.
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the defendants to produce eight individuals for depositions and to bear the costs of those depositions, and substituting therefor a provision directing the defendants to produce for depositions, at the plaintiff's request, any of the subject eight individuals who are still employed by the defendant New York City Transit Authority, and directing the plaintiff to bear the costs of those depositions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On June 17, 2011, the plaintiff, while on her way to work, allegedly was injured when she slipped and fell on a clear liquid "like water" as she was entering a subway car at the Canarsie-Rockaway Parkway train station. After filing a notice of claim on August 17, 2011, with the New York City Comptroller, the plaintiff commenced this action in October 2011 against the defendants to recover damages for personal injuries.
On August 28, 2014, the plaintiff deposed Peter Maiorana, a "train service supervisor" employed by the defendant New York City Transit Authority (hereinafter NYCTA). Maiorana testified that he was assigned to the Canarsie-Rockaway Parkway station at the time of the accident, but that he did not supervise the subway car cleaners. On September 24, 2014, the plaintiff served the defendants with a "Post EBT Demand for Discovery and Inspection" (hereinafter the Post EBT Demand). The plaintiff requested the name and address of the supervisor of the subway car cleaners assigned to the subject station on June 17, 2011.
In their response to the plaintiff's Post EBT Demand, the defendants stated that the "Daily Safety and Assignment Sheet" (hereinafter the Assignment Sheet) for the subject station for June 17, 2011, was "no longer available as the retention period for these safety/assignment sheets [*2]was approximately 2-3 months from the date prepared." However, the defendants offered to produce for a deposition Harry Chamberlain, the supervisor of the subway car cleaners assigned to the subject station on the date of the accident. When deposed, Chamberlain testified that the names of the subway car cleaners assigned to work at the subject station on the day of the accident would have been recorded on the Assignment Sheet.
Approximately three months later, the plaintiff moved, inter alia, to strike the defendants' answer on the ground of spoliation of evidence based on the defendants' failure to preserve the Assignment Sheet. Before filing opposition, the defendants supplemented their response to the plaintiff's Post EBT Demand by providing the plaintiff with a "CTA Award List," which listed the names of the eight subway car cleaners assigned to the subject station at the time of the plaintiff's accident. The defendants offered to make any of those eight subway car cleaners who were still employed by the NYCTA available for deposition. In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to impose sanctions upon the defendants for spoliation of evidence to the extent of directing the defendants to produce those eight subway car cleaners for depositions and to bear the costs of those depositions.
"To support a determination of sanctions pursuant to CPLR 3126, the moving party must demonstrate that the responsible party's actions were willful and contumacious" (UMS Solutions, Inc. v Biosound Esaote, Inc., 145 AD3d 831, 832 [internal quotation marks omitted]; see Falcone v Karagiannis, 93 AD3d 632, 633). "Similarly, under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, thereby depriving the non-responsible party from being able to prove its claim or defense, the responsible party may be sanctioned" (UMS Solutions, Inc. v Biosound Esaote, Inc., 145 AD3d at 832 [internal quotation marks omitted]; see Denoyelles v Gallagher, 40 AD3d 1027). The party seeking sanctions must show that "the party having control over the evidence possessed an obligation to preserve it at the time of its destruction" (Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 593).
"[I]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594 [internal quotation marks omitted]; see Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211). Here, the defendants did not have an obligation to preserve the Assignment Sheet at the time it was destroyed in the regular course of business (see Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594). Contrary to the plaintiff's contention, service of a notice of claim on the City of New York through the Comptroller's Office does not serve as notice to a separate public entity, such as the NYCTA (see Glasheen v Valera, 116 AD3d 505, 505; see e.g. Cavaliere v New York City Tr. Auth., 36 AD2d 532, 532; see also Castro-Castillo v City of New York, 78 AD3d 406, 406).
Nevertheless, under the circumstances, the Supreme Court appropriately granted the subject branch of the plaintiff's motion to the extent of directing additional depositions of persons who may have knowledge of the cleaning of the subject subway car. However, instead of directing the defendants to produce the eight subway car cleaners listed on the CTA Award List for depositions and to bear the costs of those depositions, the court should have, pursuant to the defendants' offer, directed the defendants to produce for depositions, at the plaintiff's request, any of the eight subway car cleaners who are still employed by the NYCTA, and directed the plaintiff to bear the costs of those depositions.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court