Oppenheimer v City of New York (2021 NY Slip Op 02401)





Oppenheimer v City of New York


2021 NY Slip Op 02401


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2019-03340
 (Index No. 520387/16)

[*1]Ana Oppenheimer, respondent, 
v
City of New York, et al., appellants, et al., defendants. James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Claibourne Henry of counsel), for appellants.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane K. Toner], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants City of New York, New York City Department of Homeless Services, Sergeant Tania Redillo, and Peace Officer Avery Paul appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 3, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3104(d) to review and vacate so much of an order of the same court (Martin Schneier, J.H.O.) dated November 7, 2018, as granted that branch of the plaintiff's motion which was to impose sanctions upon those defendants for spoliation of evidence to the extent of precluding them from introducing certain evidence at trial.
ORDERED that the order dated January 3, 2019, is affirmed insofar as appealed from, with costs.
On December 17, 2015, the plaintiff, who was residing in a homeless shelter operated on behalf of the New York City Department of Homeless Services (hereinafter DHS) by nonparty Institute for Community Living, Inc. (hereinafter ICL), allegedly was assaulted inside the shelter by peace officers employed by DHS. A surveillance video depicting the incident was viewed the following day by ICL staff, DHS officers, and a security guard employed by a nonparty security company (hereinafter the security guard). The security guard described the contents of the video in an affidavit.
One week after the incident, the plaintiff's counsel met with an ICL director and advised him that the copy of the video in the director's possession, which had been transferred to a USB drive, must be preserved. The plaintiff thereafter served a notice of claim on the City of New York, and, on March 23, 2016, and April 12, 2016, served subpoenas on ICL and DHS, respectively, for a copy of the video. In October 2016, the plaintiff commenced this action against the City, DHS, Sergeant Tania Redillo, and Peace Officer Avery Paul (hereinafter collectively the defendants), among others, to recover damages for personal injuries.
Upon the failure of DHS to produce the video in response to the subpoena, the plaintiff moved, inter alia, to impose sanctions against the defendants for spoliation of evidence. In an order dated November 7, 2018, a judicial hearing officer granted the plaintiff's motion to the extent of directing that an adverse inference charge be given against the defendants at trial and that the defendants "be prohibited from presenting any evidence in an effort to contradict the affidavit" of the security guard, unless the video was produced within 60 days. The defendants moved [*2]pursuant to CPLR 3104(d) to review and vacate the November 7, 2018 order. In a order dated January 3, 2019, the Supreme Court granted the defendants' motion only to the extent of vacating so much of the prior order as directed that an adverse inference charge be given at trial. The defendants appeal.
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818 [internal quotation marks omitted]). "The Supreme Court has broad discretion to determine a sanction for the spoliation of evidence" (Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675).
Here, contrary to the defendants' contention, the record demonstrates that the relevant video evidence was owned and controlled by DHS, that DHS possessed an obligation to preserve the evidence at the time that it was lost or destroyed, and that DHS negligently or wilfully failed to ensure its preservation (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547; Rokach v Taback, 148 AD3d 1195, 1196). Furthermore, under the circumstances of this case, the sanction imposed by the Supreme Court provided "proportionate relief" to the plaintiff and was not an improvident exercise of discretion (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551; see Heins v Public Stor., 164 AD3d 881; Rokach v Taback, 148 AD3d at 1196).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court