Myung Ja Wang v New York City Tr. Auth. (2024 NY Slip Op 05591)

Myung Ja Wang v New York City Tr. Auth.

2024 NY Slip Op 05591

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2023-06228
 (Index No. 716716/19)

[*1]Myung Ja Wang, appellant, 
v
New York City Transit Authority, et al., respondents.

Steven Louros, New York, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered May 10, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2019, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell while on board a bus owned by the defendant New York City Transit Authority and operated by the defendant Mahendra Sinanan (hereinafter together the defendants). In January 2023, the plaintiff moved, inter alia, pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of certain data regarding the manner in which the bus came to a stop at the time of the incident. In an order entered May 10, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "'A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (Gregorian v New York Life Ins. Co., 211 AD3d 706, 709, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against the defendants for spoliation of evidence. The plaintiff failed to sustain her burden of establishing that the defendants had an obligation to preserve the bus's data at the time of its destruction, that the data was destroyed with a culpable state of mind, or that the data was relevant to the plaintiff's claim (see Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d 702, 704; [*2]N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 825). Contrary to the plaintiff's contention, she failed to establish that the incident reports prepared shortly after the time of the incident placed the defendants on notice that the evidence might be needed for future litigation (see Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d at 704).
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court