Gordon v Field (2025 NY Slip Op 00308)

Gordon v Field

2025 NY Slip Op 00308

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-08082
 (Index No. 609215/18)

[*1]Alex Gordon, et al., plaintiffs, Anna Dykshteyn, appellant, 
v
Simon Field, et al., respondents, et al., defendants.

Igor Niman, Brooklyn, NY, for appellant.
Sher Tremonte, New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff Anna Dykshteyn appeals from an order of the Supreme Court, Nassau County (Timothy S. Discoll, J.), dated July 8, 2022. The order denied the motion of the plaintiff Anna Dykshteyn, in effect, pursuant to CPLR 3126 to impose sanctions against the defendants Simon Field and Kim Volman for spoliation of evidence or, in the alternative, for a hearing on the issues of whether those defendants acted willfully or negligently in disposing of the evidence and the timing of the disposal of the evidence.
ORDERED that the order is affirmed, with costs.
In July 2018, the plaintiff Anna Dykshteyn, among others, commenced this action against the defendants Simon Field and Kim Volman, among others, inter alia, to recover damages for fraud regarding the administration of a business, Sapphire Agriculture, LLC (hereinafter Sapphire), and Sapphire's related entities. During discovery, the plaintiffs Alex and Lana Gordon served a subpoena requesting that Field and Volman produce certain emails that were related to an email account associated with the defendant Alex Kaminsky (hereinafter the emails). Field and Volman objected to the subpoena.
In an order dated February 14, 2022 (hereinafter the February 2022 order), a special referee directed Field and Volman to each submit an affidavit explaining their alleged inability to produce the emails. Field and Volman submitted similar affidavits, stating that the emails were initially deleted but had been recovered in November 2015. Field and Volman further stated that, in early 2016, Sapphire migrated its email service provider and, after the migration, Field and Volman never accessed the emails and only sought to access them after receipt of the February 2022 order, which is when they discovered that the emails were no longer accessible.
Dykshteyn moved, in effect, pursuant to CPLR 3126 to impose sanctions against Field and Volman for spoliation of evidence or, in the alternative, for a hearing on the issues of whether Field and Volman acted willfully or negligently in disposing of the evidence and the timing of the disposal of the evidence. In an order dated July 8, 2022, the Supreme Court denied the motion. Dykshteyn appeals.
"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d 702, 703 [internal quotation marks omitted]; see Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d at 703 [internal quotation marks omitted]; see Ortega v City of New York, 9 NY3d 69, 76; Lentz v Nic's Gym, Inc., 90 AD3d 618, 618).
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Franco v Half Moon Riv. Club, LLC, 214 AD3d 956, 958). "'A culpable state of mind for the purposes of a spoliation sanction includes ordinary negligence'" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 795, quoting Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557 [internal quotation marks omitted]). However, "[i]n the absence of pending litigation of notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices" (Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211 [internal quotation marks omitted]; see McGlynn v Burns & Harris, Esq., 223 AD3d 733, 736; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 594).
Here, the Supreme Court properly denied Dykshteyn's motion, in effect, pursuant to CPLR 3126 to impose sanctions against Field and Volman for spoliation of evidence or, in the alternative, for a hearing on the issues of whether Field and Volman acted willfully or negligently in disposing of the evidence and the timing of the disposal of the evidence. Dykshteyn did not establish that Field and Volman were on notice that the emails might be needed for future litigation when they were deleted (see McGlynn v Burns & Harris, Esq., 223 AD3d at 736; Tanner v Bethpage Union Free Sch. Dist., 161 AD3d at 1211; Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d at 594).
CHAMBERS, J.P., BRATHWAITE NELSON, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court