Washington v Church & Nostrand Apparel Corp. (2025 NY Slip Op 03097)

Washington v Church & Nostrand Apparel Corp.

2025 NY Slip Op 03097

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-06197
 (Index No. 524545/18)

[*1]Francis Washington, appellant, 
v
Church & Nostrand Apparel Corp., respondent.

Law Offices of Gerald P. Gross, P.C., Cedarhurst, NY (Gene Berardelli of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Deirdre Egan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for assault, battery, and negligent hiring, retention, and supervision, the plaintiff appeals from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated June 9, 2023. The order, insofar as appealed from, upon reargument, adhered to a determination in an order of the same court (Lawrence Knipel, J.) dated April 21, 2023, denying the plaintiff's motion pursuant to CPLR 3126, among other things, to strike the defendant's answer for spoliation of evidence.
ORDERED that the order dated June 9, 2023, is affirmed insofar as appealed from, with costs.
On December 6, 2018, the plaintiff commenced this action against the defendant, inter alia, to recover damages for assault, battery, and negligent hiring, retention, and supervision. The plaintiff alleged that on December 7, 2017, she was patronizing a retail store owned and operated by the defendant when one of the defendant's security personnel assaulted her. According to the defendant, the plaintiff was verbally confronted by its security guard about potential shoplifting, but there was no physical altercation between the security guard and the plaintiff.
Surveillance footage of the incident was recorded by a store video camera. However, in keeping with the defendant's business custom and practice, the surveillance footage of the incident was automatically overwritten in accordance with the defendant's retention policy and hence was deleted 30 days after the incident. On May 9, 2018, counsel for the plaintiff sent a letter to the defendant advising that the plaintiff would be pursuing an action to recover damages for personal injuries arising out of the incident. In the letter, counsel for the plaintiff did not make any preservation demands with respect to the surveillance footage.
In April 2023, the plaintiff moved pursuant to CPLR 3126, inter alia, to strike the defendant's answer for spoliation of the surveillance footage. In an order dated April 21, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff then moved for leave to reargue her prior motion. In an order dated June 9, 2023, the court, upon reargument, adhered to its original determination. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court, upon reargument, properly adhered to its prior determination denying her motion to impose sanctions against the defendant for spoilation of evidence, which was a provident exercise of discretion. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679 [internal quotation marks omitted]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Teodoro v C.W. Brown, Inc., 200 AD3d 999, 1000). "A culpable state of mind for purposes of a spoliation sanction includes ordinary negligence" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 795 [internal quotation marks omitted]). However, "'[i]n the absence of pending litigation or notice of a specific claim, a defendant should not be sanctioned for discarding items in good faith and pursuant to its normal business practices'" (Tanner v Bethpage Union Free Sch. Dist., 161 AD3d 1210, 1211, quoting Aponte v Clove Lakes Health Care & Rehabilitation Ctr., Inc., 153 AD3d 593, 594; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1033; Iannucci v Rose, 8 AD3d 437, 438). Here, the plaintiff failed to establish that the defendant intentionally or negligently failed to preserve the surveillance footage from the date of the incident or that the defendant's failure to do so deprived her of the ability to prove her claim (see M.B. v St. Francis Preparatory Sch., 219 AD3d 1399, 1401-1402; Milazzo v Best Mkt., 207 AD3d 535, 537).
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court