Palmer-Williams v Rubin (2020 NY Slip Op 05518)





Palmer-Williams v Rubin


2020 NY Slip Op 05518


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2019-06604
 (Index No. 60867/14)

[*1]Zelma Palmer-Williams, respondent,
v
Michael Rubin, et al., defendants, Nadereh Rafat, et al., appellants.


Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Samantha E. Quinn of counsel), for appellants.
Meagher & Meagher, P.C., White Plains, NY (Merryl F. Weiner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendants Nadereh Rafat and Nadereh Rafat, M.D., P.C., appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated May 3, 2019. The order denied those defendants' motion for leave to renew (1) their opposition to the plaintiff's prior motion to impose sanctions upon them for spoliation of evidence, which had been granted in an order of the same court dated July 14, 2017, to the extent of directing an adverse inference charge at trial, and (2) that branch of their prior motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as alleged medical malpractice based upon treatment provided to the plaintiff in their private office, which had been denied in an order of the same court dated May 31, 2018.
ORDERED that the order dated May 3, 2019, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendants Nadereh Rafat and Nadereh Rafat, M.D., P.C., which was for leave to renew their opposition to the plaintiff's prior motion to impose sanctions upon them for spoliation of evidence, and substituting therefor a provision granting that branch of the motion and, upon renewal, vacating the order dated July 14, 2017, and denying the plaintiff's prior motion to impose sanctions for spoliation of evidence; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff received medical treatment from the defendant Nadereh Rafat at Mount Vernon Neighborhood Health Center, Inc., which is owned and operated by the federal government, as well as at Rafat's private office. The plaintiff commenced this action against Rafat and her professional corporation, Nadereh Rafat, M.D., P.C. (hereinafter together the defendants), to recover damages for medical malpractice and lack of informed consent, alleging, in essence, that Rafat failed to timely diagnose the plaintiff's epidural lipomatosis. Although, in response to the plaintiff's discovery demand, the defendants produced a copy of the plaintiff's medical chart from her treatment at Rafat's private office, Rafat later testified at her deposition that she misplaced the original chart. The plaintiff thereafter moved for sanctions for spoliation of evidence. By order dated July 14, 2017, the Supreme Court granted the motion to the extent of directing that an adverse inference charge be given at trial.
The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as alleged medical malpractice based upon the treatment the plaintiff received at Rafat's private office. In an order dated May 31, 2018, that branch of the defendants' motion was denied.
Thereafter, the defendants' counsel advised the plaintiff's counsel that Rafat had located the original chart that had been misplaced, provided her with a color copy, and afforded the plaintiff's counsel the opportunity to inspect the original document, but the plaintiff's counsel declined. The defendants moved pursuant to CPLR 2221(e) for leave to renew (1) their opposition to the plaintiff's motion for spoliation sanctions, and (2) that branch of their motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the complaint as was predicated upon the treatment the plaintiff received in Rafat's private office. By order dated May 3, 2019, the Supreme Court denied the motion, and the defendants appeal.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]).
In support of that branch of their motion which was for leave to renew their opposition to the plaintiff's motion for spoliation sanctions, the defendants submitted evidence which they did not possess at the time of the prior motion and which demonstrated that they did not lose or destroy relevant evidence (see Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 630). Under the circumstances present here, the affirmation of defense counsel was sufficient to demonstrate the missing evidence had been found. Defense counsel demonstrated his personal knowledge of the relevant facts by attesting to Rafat having turned the original chart over to his office for copying, his provision of a copy to the plaintiff's attorneys, and his provision of a color copy after the document had been located by Rafat. Since the plaintiff's counsel was afforded, but declined, the opportunity to inspect the original recovered chart, the plaintiff cannot now be heard to complain that the color version of the original chart provided by defense counsel is not an accurate representation of the iteration of the original chart provided earlier by defense counsel. Accordingly, the court should have granted that branch of the defendants' motion which was for leave to renew their opposition to the plaintiff's motion for spoliation sanctions motion, and, upon renewal, denied the motion.
However, the new facts offered on the renewal motion—the original medical chart—would not have changed the prior determination denying that branch of the defendant's prior motion which was to dismiss so much of the complaint as was predicated upon the treatment rendered by Rafat in her private office (see CPLR 2221[e][2], [3]; Jovanovic v Jovanovic, 96 AD3d 1019, 1020). The original chart did not demonstrate that a fact alleged by the plaintiff—that she received treatment at Rafat's private office prior to having surgery on the epidural lipomatosis—was not a fact at all (see generally Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for leave to renew their prior dismissal motion.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court