## Greater N.Y. Mut. Ins. Co. v SKOUT Monitoring, LLC

2025 NY Slip Op 31569(U)

April 30, 2025

Supreme Court, New York County

Docket Number: Index No. 650539/2022

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

GREATER NEW YORK MUTUAL INSURANCE
COMPANY,

                              Plaintiff,

                            - v -

SKOUT MONITORING, LLC, CONSOLIDATED
TECHNOLOGIES, INC.,

                            Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650539/2022 |
| **MOTION DATE** | 03/10/2025 |
| **MOTION SEQ. NO.** | 010 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 010) 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440

were read on this motion for           SPOLIATION SANCTIONS/SCHEDULE HEARING   .

Plaintiff Greater New York Mutual Insurance Company ("GNY" or "Plaintiff") moves

for an order (1) scheduling a pre-trial evidentiary hearing concerning Defendant SKOUT

Monitoring, LLC's ("SKOUT" or Defendant") spoliation of evidence pursuant to CPLR § 2218

and Commercial Division Rule 9-a; or (2) if the Court deems no fact finding is needed,

sanctioning SKOUT for spoliation of evidence pursuant to CPLR § 3126. For the reasons set

forth below, the Court will schedule an evidentiary hearing.

GNY brought this action against for breach of contract and breach of warranty in

connection with SKOUT's alleged failure to adequately monitor and warn GNY of a

cybersecurity breach in 2021 that disrupted GNY's systems and caused a massive outage. As

relevant here, GNY filed its first motion for sanctions, based upon purported spoliation of

evidence, on August 2, 2024 (NYSCEF 187). In that motion, GNY argued that SKOUT had

**650539/2022  GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT
MONITORING, LLC ET AL
Motion No. 010**

**Page 1 of 5**

failed in its duty to preserve documents related to the June 1, 2021 cyberattack and the investigation SKOUT conducted in its aftermath (NYSCEF 188 at 1; NYSCEF 372 at 3). Those documents consisted of SKOUT's internal team communications—including Slack messages—and logs, alerts, alarms, and tickets that SKOUT's systems generated in the leadup to the attack, during it, and after it occurred (NYSCEF 372 at 2). GNY filed its first motion for sanctions after SKOUT responded to GNY discovery requests claiming that it did not retain Slack messages from that time and produced to GNY a spreadsheet summarizing information related to the alarms and alerts that SKOUT received between December 16, 2020 and November 24, 2021 as well as 474 raw data logs of the events that occurred on the GNY systems that SKOUT monitored (NYSCEF 406 at 5).

On September 13, 2024, the Court heard oral argument on GNY's motion (NYSCEF 249). During the argument, the Court instructed SKOUT to search for the raw data underlying the spreadsheet summary that it had produced to GNY (*id.* at 65:7-68:22). On September 17, 2024, the Court issued an order providing that "Plaintiff's motion for spoliation sanctions is denied without prejudice due to disputed questions of fact that must be resolved at an evidentiary hearing or at trial" (NYSCEF 244).

On March 10, 2025, GNY filed the current motion for sanctions, claiming that SKOUT "failed to preserve material and probative evidence, despite being on notice of potential litigation and GNY's injuries" and in some instances "deliberately destroyed evidence years after GNY commenced suit" (NYSCEF 372 at 1). Specifically, GNY claims that SKOUT "deleted alerts, alarms, tickets, and Slack communications" (*id*. at 21). GNY urges the Court to "strike SKOUT's answer, draw an adverse inference about the destroyed evidence, and require SKOUT to bear GNY's fees related to this motion" (*id*. at 2).

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL
Motion No. 010**

**Page 2 of 5**

2 of 5

In opposition, SKOUT maintains that some of the documents and information at issue in this motion are "not relevant" and "were never requested during discovery" (NYSCEF 406 at 11-12, 15), and it also disputes the date on which its duty to preserve certain internal communications arose (*id*. at 17). SKOUT requests that "the Court deny GNY's request for sanctions or an evidentiary hearing related to Ticket Number 4650428, spoliation of alarms and alerts that predated the cyberattack and Slack messages that post-date December 2021" and that the Court "take evidence and rule on GNY's arguments related to spoliation of Slack messages from May to June 2021 during trial" (*id*. at 21).

"Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (*Holland v W.M. Realty Mgt., Inc.*, 64 AD3d 627, 629 [2d Dept 2009]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a 'culpable state of mind,' and 'that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense'" (*Pegasus Aviation I, Inc. v Varig Logistica S.A.*, 26 NY3d 543, 547 [2015] [citations omitted]).

Here, the record raises issues of fact as to whether the alleged deficiencies in SKOUT's document productions impact GNY's claims and if so, whether and to what extent the plaintiff is entitled to a sanction pursuant to CPLR 3126 for spoliation of evidence. The parties sharply disagree over key issues, including (1) the date on which SKOUT's duty to preserve evidence arose, (2) the relevance of some of the information sought by GNY and whether it was requested during discovery. As such, the Court remains of the view that the issues raised here can only be

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT
MONITORING, LLC ET AL
Motion No.  010**

**Page 3 of 5**

3 of 5

[* 3]

decided after an evidentiary hearing or trial.  In the interests of judicial economy, and in light of the nature of the relief GNY seeks, the Court finds that holding a separate, targeted evidentiary hearing prior to trial is the more efficient course than considering the spoliation issue as part of the trial itself (*Coney Is. Auto Holdings, Corp. v Parts Auth., LLC*, 231 AD3d 470, 471, 220 NYS3d 703, 705 [1st Dept 2024] ["Supreme Court properly held a hearing rather than deferring the spoliation issue until trial."]).

Therefore, the motion is granted insofar as it requests an evidentiary hearing on spoliation.  The Court reserves decision on the merits of GNY's motion for sanctions pending that evidentiary hearing.

Accordingly, it is

**ORDERED** that GNY's motion is **GRANTED** to the extent that the Court will schedule an evidentiary hearing and is otherwise deferred pending that hearing; and it is further

**ORDERED** that the parties appear for an evidentiary hearing on **July 7, 2025, at 9:30 a.m**. The parties are directed to Section VIII of the Court's Part Rules for required submissions and deadlines in advance of the evidentiary hearing (https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/Practices-Part-3.pdf).  If the parties have questions about those procedures or the hearing they may email chambers at sfc-part3@nycourts.gov to set up a telephone conference.

This constitutes the decision and order of the Court.

**650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL**
**Motion No.  010**

**Page 4 of 5**

[* 4]

4 of 5

20250430133328JMCOHENACDJWAD59C6949CA85215467B91654A7

| 4/30/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **JOEL M. COHEN, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

650539/2022   GREATER NEW YORK MUTUAL INSURANCE COMPANY vs. SKOUT MONITORING, LLC ET AL
Motion No.  010

Page 5 of 5

5 of 5